## Clay v. Anderson, et al.

(Decided January 6. 1911.)

### Appeal from Clark Circuit Court.

Wills—Action for Construction—Action of Court—Appointing a Receiver.—One A. H. Anderson died a resident of Clark county in May, 1909, leaving a will which was probated and this action was brought by the executor for a proper construction thereof and for the advice of the court. Held, where it appeared to the court that testator left a residence which had become delapidated and uninhabitable and several thousand acres of land lying in three different counties, with no one residing thereon, the court properly appointed a receiver to take charge of and rent out the land so that the devisees might realize something from it while the matters at issue, if any ever existed, might be tried and adjusted.

C. F. SPENCER, LEWIS APPERSON for appellant.

(No counsel for appellee.)

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

One A. H. Anderson died a resident of Clark county in May, 1909. He left a will which was probated, and this action was brought by the executor of that will for a proper construction thereof and for the advice and direction of the court as to the administration of the estate, and for the purpose of having a commissioner appointed to allot Amanda Anderson, testator's widow, her dower interest in the land, and for a settlement of the estate. We know nothing of the will, except what we gather from statements of it in the petition. The petition refers to the will and says that it is filed therewith, but it seems not to have been, at least there is no copy of it on record. It appears from the statements

in the petition that Anderson, the testator, never had any children and left no family surviving him but his widow. He divided his estate into six parts and devised it to his nephews and nieces under certain conditions and restrictions. At a certain time the executor was to pay to trustees certain funds, but it is not stated clearly when this was to be done. The testator owned at his death several thousand acres of land, some of it was in Montgomery, some in Clark and some in Powell county. The house on the home place, where Anderson died, had become dilapidated and uninhabitable. The court made the following order on its own motion, to-wit:

"It appearing from the state of the record that it will not be practicable to secure an allotment of dower and that the appointment of trustees at this time would be premature, it is now, upon the court's own motion, ordered that J. T. Stokeley, master commissioner of this court, be, and he is appointed receiver of all of the real estate belonging to the decedent, A. H. Anderson, upon the liability of his official bond as master commissioner and receiver of this court, and he is directed to rent said real estate for the year beginning March 1st, 1910, and ending March 1st, 1911, upon the terms and conditions hereinafter set out.

"It appearing to the satisfaction of the court that the dwelling occupied by the decedent, A. H. Anderson, at the time of his death, is badly out of repair, whereby it is rendered unsuitable for a residence for the widow; and it appearing that there is another mansion house upon the decedent's land known as the Jule Clay property containing about eight acres of land that can be used besides about forty acres of slate red brush land of no value, which place the widow is willing to take in exchange for the mansion house first mentioned, and it appearing further that it is advantageous to the estate in the division of these lands for renting that the first mentioned house should be rented with a portion of what is known as the Goff land, it is ordered that' the receiver, be, and he is, authorized to make said exchange with the widow and put her in possession of the said Jule Clay parcel upon receiving possession from her of the other without payment of any consideration from either side."

Continuing the same order, the court gave more specific directions as to the renting of the land, and de-

scribed it with particularity. A. A. Clay, one of thirty
odd defendants, alone objected to this order, that is, to
the appointment of a receiver to rent the land out for
twelve months. He says that the order is invalid be-
cause no notice was ever given to any one of the appoint-
ment of a receiver, and there was no urgency which would
authorize the appointment without notice. We do not
know what the court held, as there is no bill of exceptions
filed. If the court heard any outside evidence, it does not
appear in the record, but there is nothing showing that
he did not hear such evidence. The record, as it appears,
shows that there were several thousand acres of land ly-
ing in the three counties and that there was no one. re-
siding upon it. The court could see from this fact alone,
that the property needed some attention so it appointed
a receiver to take charge of and rent it out so that the
devisees might realize something from it while the mat-
ters at issue, if any ever existed, could be tried.

It seems that the widow was willing to take for the
time being, a house that was habitable, and we see no
cause for complaint at the action of the court for allow-
ing her to do so.

For these reasons the judgment of the lower court
is affirmed.